UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS E. TRACY, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:19CV960-PPS/MGG |

OPINION AND ORDER

Travis E. Tracy, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-02-0091) at the Miami Correctional Facility in which a hearing officer found him guilty of possessing intoxicants in violation of Indiana Department of Correction policy B-231. ECF 1. As a result, Tracy was sanctioned with the loss of 30 days earned credit time. *Id*. The Warden has filed the administrative record. ECF 9. Tracy did not file a traverse, and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record

to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In this case, Tracy was found guilty of possessing intoxicants in violation of IDOC policy B-231 which prohibits inmates from "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." *See* Indiana Department of Correction, Adult Disciplinary Process: Appendix I (revised 04-01-2018). Here are the facts as set out in the Conduct Report:

> On 2/6/19, at approximately 3:52 am I, Officer D. McKibbin, was conducting a cell search of D-323 when I located a large trash bag of red in color liquid substance (hooch) along with two large bags containing clear liquid in a property box. The property box containing the red in color substance (hooch) had an alcoholic odor. When asked, Offender Tracy, Travis DOC #190369 D-324 claimed responsibility for the possession of the liquid substance (hooch). Offender Tracy was in possession of an intoxicant.

ECF 9-1. The large bag of "hooch" was confiscated and logged that same day. ECF 9-2.

On February 14, 2019, Tracy was notified of the charge, and he pled not guilty. Tracy requested photographs and testing of the liquid-filled bags. ECF 9-1, 9-3. Those requests were denied. *Id*. Specifically, Tracy was informed that his "request for the substance being tested has been denied due to the fact that liquid substances are not kept they are disposed of." ECF 9-7. Prior to the hearing, Officer McKibbin submitted a witness statement that provided additional details about the incident including the fact that "an alcoholic odor" was present and that "large bags of various kinds of hooch" were found in Tracy's property box. ECF 9-6.

2

On March 7, 2019, a hearing took place and Tracy testified that he didn't have any "hooch" but rather that the liquid in the bags was water. ECF 9-10. After considering the evidence—including the staff reports and the conduct report—the hearing officer found Tracy guilty of violating offense B-231, noting that the statement of the officer in the conduct report supported the guilty finding. Tracy was then sanctioned with a loss of 30 days earned credit time. *Id*. The sanctions were imposed due to the seriousness of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on Tracy's future behavior. *Id*.

In his petition, Tracy presents several grounds which he claims entitle him to relief. ECF 1 at 2–3. Read together and construed broadly, Tracy argues that the evidence was insufficient to convict him. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although

3

> some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Tracy takes issue with the fact that the hearing officer relied solely on the conduct report to find him guilty. But in assessing the sufficiency of the evidence for purposes of prison discipline, the law is clear that a conduct report alone can be enough to support a finding of guilt. *See McPherson*, 188 F.3d at 786. I find that this is such a case. Officer McKibbin wrote a conduct report documenting that, on February 6, 2019, he discovered a large trash bag containing a red liquid in a property box. He described the liquid as "hooch" and stated that it had an alcoholic odor. Officer McKibbin also stated that Tracy claimed responsibility for the bag of liquid. Given these facts, there was plainly "some evidence" of Tracy's guilt.

Tracy argues that the evidence was insufficient because the liquid in the bag was water, not hooch. But this argument is an invitation to reweigh the evidence by crediting Tracy's version of events over that of Officer McKibbin. I am not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, my role is to determine if the decision to revoke good time credits has some factual basis. *Id*. I find that it does. The hearing officer considered the evidence and logically concluded that Tracy possessed intoxicants because a bag containing a red liquid that smelled of alcohol was found in his cell. This finding was neither arbitrary nor unreasonable in light of the facts

presented in this case, so this ground does not state a basis for habeas corpus relief. *See Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board").

Tracy also contends that his due process rights were violated because he was denied the evidence he requested. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Here, Tracy requested photos of the confiscated, liquid-filled bags. However, in his petition he admits that the photos do not exist. *See* ECF 1 at 2. Inmates do not have a right to create evidence that does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. More importantly, even if the photos did exist, there is no indication that they would have been exculpatory. *See Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) (Exculpatory in the disciplinary context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt.").

Similarly, Tracy argues that he was denied the right to present evidence of substance testing. Again, however, these test results do not exist. According to the denial letter, "liquid substances are not kept they are disposed of." *See* ECF 9-7. Because the liquid-filled bags were never tested, there was no due process violation. *See Wolff*, 418 U.S. at 566; *see also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances).

Considering the foregoing, I find that Tracy has failed to identify any basis for granting habeas corpus relief in this case. If Tracy wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

ACCORDINGLY:

The petition for writ of habeas corpus filed by Travis Tracy (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on October 29, 2020.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT